## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Linda Lewis,                                          Civ. No. 19-1117 (ECT/BRT)

        Plaintiff,

v.

City of Burnsville, et al.,                    **ORDER ON MOTION TO COMPEL**

        Defendants.

---

      This matter is before the Court on Defendants' Motion to Compel. (Doc. No. 43.)

A hearing was held on June 23, 2020. (Doc. No. 60.) Based on the record and

submissions filed, the Court issues the following Order.

### STANDARD OF REVIEW

      Federal Rule of Civil Procedure 26 governs the scope of discovery in federal

court. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of
> discovery otherwise allowed by these rules or by local rule if it determines
> that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can
> be obtained from some other source that is more convenient, less
> burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the
> information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The discovery motions now before the Court relate to Document Requests and Interrogatories.

### A.    Rule 34 Document Requests

Document requests must "describe with reasonable particularity" the documents sought. Fed. R. Civ. P. 34(b). If a document request comports with Rule 34 and the scope and limits of Rule 26, the responding party must produce documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a).  Responses and Objections must be made as follows:

> (2)    *Responses and Objections.*
>
> (A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

2

(C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

> (iii) A party need not produce the same electronically stored information in more than one form.

## B.   Interrogatories

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Rule 33. Answers and Objections must be made as follows:

(b) Answers and Objections.

(1) *Responding Party.* The interrogatories must be answered:

3

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

(c) Use. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.

(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

**ORDER**

Based on the file, records, and submissions herein, **IT IS HEREBY ORDERED**

that Defendants' Motion to Compel (Doc. No. 43) is **GRANTED IN PART** and

**DENIED IN PART** as set forth below.

1.  Regarding Interrogatory No. 5, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory. Plaintiff may supplement this request with appropriate authorizations giving Defendants' access to the requested information.

2.  Regarding Interrogatory No. 8, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory. Plaintiff's supplementation may include appropriate authorizations giving Defendants' access to the requested information.

3.  Regarding Interrogatory No. 12, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory. Plaintiff's supplementation may include appropriate authorizations giving Defendants' access to the requested information.

4.  Regarding Interrogatory No. 16, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory.

5.  Regarding Interrogatory No. 19, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory. Plaintiff's supplementation may include appropriate authorizations giving Defendants' access to the requested information.

6.  Regarding Interrogatory No. 20, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this

Interrogatory. Plaintiff's supplementation may include appropriate authorizations giving Defendants' access to the requested information.

7.     Regarding Interrogatory No. 21, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory.

8.     Regarding RFP No. 5, the Motion is GRANTED. If Plaintiff has not sought information responsive to this Interrogatory from the next of kin, she must do so and supplement this Interrogatory.

To allow ample time to inquire of the next-of-kin, Plaintiff must supplement this discovery not later than **August 3, 2020**. Under the circumstances, Plaintiff must also certify that she has sought responsive information from the next of kin to these Requests for Production and Interrogatories in a supplemental response. This should not be interpreted as a sign that this Court suspects that Plaintiff and her counsel will not abide by the Federal Rules of Civil Procedures and relevant case law. However, a clear certification will confirm that Plaintiff understood her obligation to inquire of the next of kin consistent with *Henderson v. City of Woodbury*, No. CV 15-3332 (RHK/FLN), 2016 WL 11020056 (D. Minn. July 22, 2016). At the hearing, Plaintiff's counsel agreed that Henderson applies.

This Court denies the request to "strike" objections.

The Court next addresses the damages-related discovery disputes—specifically **Interrogatory No. 17 and Request for Production No. 22**. As to damages-related discovery, to the extent Plaintiff has not sought information responsive to these discovery requests from the next of kin, she must do so and supplement answers to the Interrogatory

6

and documents responsive to the Document Request. To the extent the Interrogatory is construed as a contention interrogatory, such interrogatories are not premature, and Plaintiff must provide responsive information known to date. Plaintiff must supplement based upon her knowledge and following an inquiry from the next of kin.

The parties' dispute regarding damages discovery is primarily focused on whether Plaintiff must provide a calculation for Plaintiff's *non-economic damages*, including, for example, pain and suffering, emotional distress, loss of counsel and guidance, loss of advice, comfort, assistance, companionship, protection, and lost time together. Defendants contend that Plaintiff is required to identify categories of all damages sought, including non-economic damages and she must itemize all damages and produce documentary support for her damages claim, relying heavily on *Sandoval v. Am. Bldg. Maintenance Ind., Inc.*, 267 F.R.D. 257, 282–83 (D. Minn. 2007.) Plaintiff's counsel argues that there is no way to calculate Plaintiff's non-economic losses for wrongful death. However, if Plaintiff intends to ask the jury for a specific dollar amount of such damages at trial—or to suggest any figures, or possible ranges—Plaintiff is required to provide it to Defendants along with the basis for that figure. Plaintiff cannot "reserve" such disclosure until after fact discovery closes. Further, even if Plaintiff does not intend to ask for a specific amount (or suggest any figure or range) but intends to offer evidence supporting any non-economic award, Plaintiff must disclose responsive discovery regarding the claim. "If Plaintiff intends to suggest a specific amount to the jury for [non-economic damages], yet fails to supplement its Rule 26 disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific

7

amount for emotional distress damages to the jury at trial." S*ee E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–40 (E.D. Wash. 2011). "While it is true that the ultimate amount of non-economic damages, if any, to be awarded [Plaintiff] will be determined by a jury, in this Court's view, that does not relieve the [Plaintiff] from disclosing any specific evidence they intend to utilize at trial in support of their request for emotional distress from disclosing any dollar range they intend to request from the jury. Otherwise, [Plaintiff] could surprise the defendants at trial with a specific request of $1,000,000 for claimed emotional harm that was never previously disclosed contrary to the spirit and intent of the applicable discovery Rules." *See McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2014 WL 1871891, at *4 (N.D. Okla. May 9, 2014).

Plaintiff must supplement her initial disclosures and respond to relevant written discovery requests on the topic of damages no later than **October 1, 2020**. This gives Plaintiff more than sufficient time to conduct discovery relevant to damages claims.

The Court finally turns Defendants' request to amend the scheduling Order. Plaintiff does not object to the request or the specific proposals offered. The Court will extend some deadlines in a separate order; however, the Court will not adopt all of the Defendants' proposals. The parties muse carefully review the Amended Scheduling Order and comply with the deadlines and obligations.

Date: June 29, 2020              *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge